IN THE UNITED STATES DISTRICT COURT OF
THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KENNETH MATT ANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No.   07-417-JPG |
| | ) | |
| | ) | |
| ILLINOIS CENTRAL RAILROAD | ) | |
| COMPANY, | ) | |
| | ) | |
| SERVE:      CT Corporation System | ) | |
| Registered Agent | ) | |
| 208 S. LaSalle St. | ) | |
| Suite 814 | ) | |
| Chicago, IL 60604 | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

### **(Federal Employers' Liability Act)**

### **COUNT I**

COMES NOW Plaintiff, Kenneth Matt Anders, by and through his attorneys,

Rathmann & O'Brien, L.L.C., and for Count I of his cause of action against the

Defendant,  Illinois Central Railroad Company, a corporation, states:

### **Jurisdictional Statement**

1.     Plaintiff, Kenneth Matt Anders, is and was at all times relevant a resident of

Mt. Vernon, Illinois.

1

2.      Defendant, Illinois Central Railroad Company, is now and was at all times hereinafter mentioned a railroad corporation duly organized and existing according to law to engage in, and was engaged in, business as a common carrier by railroad in interstate commerce in the State of Illinois and specifically in the territory which compromises the United States District Court of the Southern District of Illinois.

3.      That since 1995 and at all times relevant herein, Plaintiff, Kenneth Matt Anders, was employed by the Defendant,  Illinois Central Railroad Company as a locomotive engineer and that his work substantially affected interstate commerce and therefore, is entitled to bring his cause of action set forth below under a federal statute k known as the Federal Employers' Liability Act, 45 U.S.C. Section 51, et seq. and the Locomotive Inspection Act 49 U.S.C. § 20701 et seq.

4.      Venue of this action is proper in the United States District of for the Southern District of Illinois pursuant to the terms of the Federal Employers' Liability Act, 45 U.S.C. Section 51, et seq.

5.      Throughout the course of the plaintiff's railroad employment, he was furnished locomotives with inadequate and defective cab seats, rough track and oversized ballast and defective switches and which subjected him to whole-body vibration.

6.      The defendant knew or could have known that inadequate and defective cab seats, rough track, oversized ballast and defective switches, singularly or in combination, caused injuries to his neck and back.

2

7.     The plaintiff was working in furtherance of the defendant's interstate transportation and commerce at the time of his injuries alleged in this action.

WHEREFORE, Plaintiff, Kenneth Matt Anders, prays for Judgment against the Defendant, Illinois Central Railroad Company, in Count I in a sum fair and reasonable, in excess of $75,000.00 which is the jurisdictional limit of the court, together with his costs expended herein.

## COUNT II

### (Federal Employers' Liability Act)

Plaintiff, Kenneth Matt Anders,  through counsel Rathmann & O'Brien, L.L.C. and states as follows for Count II of his Complaint against the defendant:

8.     Plaintiff repeats the allegations of paragraphs 1 through 7 of Count I  as if fully set forth herein.

9.     From 1995 until present, plaintiff was employed by Defendant as a locomotive engineer and was repetitively exposed to unsafe work conditions and injured while in the course and scope of his employment at locations across the United States, and while in the performance of his duties which were caused by one or more of the following acts of negligence of the defendant acting through its agents, servants, or employees, singularly or in combination:

a.     It failed to provide the plaintiff with a reasonably safe place to work; or

b.     It failed to provide the plaintiff with reasonably safe conditions to work; or

3

    c.      It failed to provide the plaintiff with reasonably safe equipment; or

    d.      It failed to maintain its track in a reasonably safe condition; or

    e.      It failed to maintain its equipment in a reasonably safe condition; or

    f.      It permitted the use of an engine which produced excessive lateral motion in violation of 49 C.F.R. §§ 229.7 (a)(1) and (2), .9, .45, and .63; or

    g.      It permitted the use of an engine which was not in proper condition and safe to operate in the service to which it was put in violation of 49 C.F.R.§§ 229.7 (a)(1) and (2), .9, .45, and .63; or

    h.      It permitted the use of an engine which had not been adequately inspected in violation of 49 C.F.R. §§ 229.23; or

    i.      It permitted the use of an engine which was not free of conditions that endangered the safety of the crew in violation of 49 C.F.R. § 229.45.

10.    During the entirety of his employment and acting within the regular course and scope of his employment, Plaintiff was required to throw switches, work on locomotives and cabooses and to sit on these locomotives using seats without high back supports, head rests, arm rests, contoured seats, efficient adjustments, adequate seat cushioning, interior padding, any type of occupant restraint system nor devices or items to use in conjunction with the placement of Plaintiff's feet to provide safe and effective bracing in the event of slack action or other abrupt changes in the speed of the train or locomotive engines. The design ergonomics, construction and shape of the seats of the locomotive engines and cabooses on which Plaintiff worked or rode were not adequate to protect or prevent injury to Plaintiff from the usual and customary vibration of locomotive engines

4

nor during run-ins, slack action, hard joints or other types of collisions, bumping,

turbulent or rough movement to which plaintiff was regularly subjected during the regular

customary course of his work assignments.  Further, the locomotive cabs of each engine

and caboose on which Plaintiff worked lacked adequate grab irons, footholds, handrails

or any feature designed or intended to allow Plaintiff to brace himself during said slack

action and hard-joint collisions and rough movement.  Further, Plaintiff was never

warned, trained or instructed regarding the dangers to his body from the work which he

was required to do nor  provided  with those type seats with high back supports,

headrests, armrests and restraint systems necessary for the work to be done in a safe

manner.  As a direct result of the above-described carelessness and negligence, and on

each instance of Plaintiff's work in the above-described unsafe conditions, Plaintiff was

exposed to unsafe and dangerous levels of vibration, stress and strain upon the tissues and

structures of his neck and lumbar spine and was caused on a cumulative basis to suffer

the injuries and damages hereinafter enumerated.

    11.    During the entirety of his employment, acting within the regular course and

scope of his work, Plaintiff was required to use and operate railroad track switches, lift,

move, and carry heavy objects such as freight car/engine draw bars and knuckles, detrain

from moving trains and walk on ballast or dirt toe paths, and otherwise engage in activities

involving the use of the low back.  Defendant, through its agents and employees other than

Plaintiff, carelessly and negligently failed in its aforesaid duties in that  among other

things, defendant failed to maintain a regular program of inspection, maintenance and repair for railroad track switches, switch stands, ground throw switches and toe paths such that Plaintiff was, on a regular and repeated basis, required to use, manipulate  and operate "hard throw" switches, to detrain and walk upon and use toe paths which were not clean or safe for use and were in violation of the requirements of law.  Plaintiff was further, on a regular and basis, required to lift and carry heavy knuckles and draw bars.  On each of said occasions involving the use of the toe paths and the use and manipulation of the above-described switches, knuckles, draw bars and other heavy items and oversized ballast. Plaintiff was required to do work which was unsafe and dangerous in that it required lifting, pushing or pulling forces, stresses and strain in excess of those which the tissues of his back, neck and body could withstand without injury.

12.    Defendant further carelessly and negligently failed in its aforesaid duties in that Plaintiff was never warned, trained or instructed regarding the dangers to his body from the above-described unsafe work which he was required to do; nor educated regarding the equipment required so that the work Plaintiff was required to perform could be done in a safe manner; nor educated regarding the manner in which cumulative neck and back injuries are caused and manifested; and because Plaintiff was required to do work which Defendant knew or should have known was likely to cause cumulative injuries, and/or re-injure Plaintiff where he had previously been injured or was weak because of congenital/developmental abnormalities.

13.     As a direct result of the above-described carelessness and negligence, and on each instance of Plaintiff's work in the above-described unsafe conditions, Plaintiff was exposed to unsafe an dangerous levels of stress and strain upon the tissues and structures of his neck and lumbar spine, and was caused on a cumulative basis to suffer the injuries and damage hereinafter enumerated.

14.     As a direct result of one or more of these negligent acts or omissions, in whole or  in part, the plaintiff suffered injuries to his neck and back; he sustained injuries to the soft tissues, ligaments, tendons, muscles, blood vessels, and nerves of his neck and back; he sustained bruising, straining, and scarring of the soft tissues, ligaments, tendons, muscles, blood vessels and nerves of his neck and lumbar spine; he has been caused to undergo severe pain and suffering and will continue to undergo severe pain and suffering; he has sought and received medical care and attention and will continue to receive medical care and attention; he has suffered psychological and emotional injury, mental anguish and anxiety and will continue to suffer psychological and emotional injury, mental anguish and anxiety in the future; he has incurred medical expenses and will continue to incur medical expenses; he has lost wages and benefits and will continue to lose wages and benefits; all to his damage.

WHEREFORE, Plaintiff, Kenneth Matt Anders, prays for Judgment against the Defendant,  Illinois Central Railroad Company, in Count II, in a sum fair and reasonable,

in excess of $75,000.00 which is the jurisdictional limit of the court, together with his

costs expended herein.

## COUNT III

## LOCOMOTIVE INSPECTION ACT

Plaintiff, Kenneth Matt Anders, through counsel Rathmann & O'Brien, L.L.C. and

states as follows  for Count III of his Complaint against the defendant:

15.     Plaintiff repeats and restates herein  the allegations of paragraphs 1 through

14 of this Complaint as if fully set forth herein.

16.     From 1995 until present, plaintiff was employed by Defendant as an engi-

neer and was engaged in the course and score of his employment at locations across the

United States, and sustained serious injuries while in the performance of his duties, which

were caused by one or more of the following acts violations of the Locomotive Inspection

Act, 49 U.S.C. § 20701 et seq, singularly or in combination:

      a) It permitted the use of an engine which produced excessive lateral motion
         in violation of 49 C.F.R. §§ 229.7 (a)(1) and (2), .9, .45, and .63; or

      b) It permitted the use of an engine which was not in proper condition and
         safe to operate in the service to which it was put in violation of 49 C.F.R.
         §§ 229.7 (a)(1) and (2), .9, .45, and .63; or

      c) It permitted the use of an engine which had not been adequately
         inspected in violation of 49 C.F.R. §§ 229.23, or

      d) It permitted the use of an engine which was not free of conditions that
         endangered the safety of the crew in violation of 49 C.F.R. § 229.45.

17.     During the entirety of his employment and acting within the regular course

and scope of his employment, Plaintiff was required to work on locomotives and cabooses and to sit on these using seats without high back supports, head rests, arm rests, contoured seats, efficient adjustments, adequate seat cushioning, interior padding, any type of occupant restraint system nor devices or items to use in conjunction with the placement of Plaintiff's feet to provide safe and effective bracing in the event of slack action or other abrupt changes in the speed of the train or locomotive engines.  The design ergonomics, construction and shape of the seats of the locomotive engines and cabooses on which Plaintiff worked or rode were not adequate to protect or prevent injury to Plaintiff from the usual and customary vibration of locomotive engines nor during run-ins, slack action, hard joints or other types of collisions, bumping, turbulent or rough movement to which plaintiff was regularly subjected during the regular customary course of his work assign-ments.  Further, the locomotive cabs of each engine and caboose on which Plaintiff worked lacked adequate grab irons, footholds, handrails or any feature designed or intended to allow Plaintiff to brace himself during said slack action and hard-joint collisions and rough movement.  Further, Plaintiff was never warned, trained or instructed regarding the dangers to his body from the work which he was required to do nor provided  with those type seats with high back supports, headrests, armrests and restraint systems necessary for the work to be done in a safe manner.  As a direct result of the above-described carelessness and negligence, and on each instance of Plaintiff's work in the above-described unsafe conditions, Plaintiff was exposed to unsafe and dangerous

levels of vibration, stress and strain upon the tissues and structures of his neck and lumbar spine and was caused on a cumulative basis to suffer the injuries and damages hereinafter enumerated.

    18.    During the entirety of his employment, acting within the regular course and scope of his work, Plaintiff was required to use and operate railroad track switches, lift, move, and carry heavy objects such as freight car/engine draw bars and knuckles, detrain from moving trains and walk on ballast or dirt toe paths, and otherwise engage in activities involving the use of the neck and lumbar spine. Illinois Central Railroad Company, through its agents and employees other than Plaintiff, carelessly and negligently failed in its aforesaid duties in that  among other things, Illinois Central Railroad Company failed to maintain a regular program of inspection, maintenance and repair for railroad track switches, switch stands, ground throw switches and toe paths such that Plaintiff was, on a regular and repeated basis, required to use, manipulate  and operate "hard throw" switches, to detrain and walk upon and use toe paths which were not clean or safe for use and were in violation of the requirements of law.  Plaintiff was further, on a regular and basis, required to lift and carry heavy knuckles and draw bars.  On each of said occasions involving the use of the toe paths and the use and manipulation of the above-described switches, knuckles, draw bars and other heavy items, Plaintiff was required to do work which was unsafe and dangerous in that it required lifting, pushing or pulling forces,

stresses and strain in excess of those which the tissues of his neck and shoulder could withstand without injury.

19.   Defendant further carelessly and negligently failed in its aforesaid duties in that Plaintiff was never warned, trained or instructed regarding the dangers to his body from the above-described unsafe work which he was required to do; nor educated regarding the equipment required so that the work Plaintiff was required to perform could be done in a safe manner; nor educated regarding the manner in which cumulative neck and shoulder injuries are caused and manifested; and because Plaintiff was required to do work which Defendant knew or should have known was likely to cause cumulative injuries, and/or re-injure Plaintiff where he had previously been injured or was weak because of congenital/developmental abnormalities.

20.   As a direct result of the above-described carelessness and negligence, and on each instance of Plaintiff's work in the above-described unsafe conditions, Plaintiff was exposed to unsafe an dangerous levels of stress and strain upon the tissues and structures of his neck and lumbar spine and was caused on a cumulative basis to suffer the injuries and damage hereinafter enumerated.

21.   As a direct result of one or more of these violations of the Locomotive Inspection  Act, in whole or in part, the plaintiff suffered injuries to his neck and shoulder; he sustained injuries to the soft tissues, ligaments, tendons, muscles, blood vessels, and nerves of his neck and shoulder; he sustained bruising, straining and scarring of the soft

tissues, ligaments, tendons, muscles, blood vessels and nerves of his neck and shoulder; he has been caused to undergo severe pain and suffering and will continue to undergo severe pain and suffering; he has sought and received medical care and attention and will continue to receive medical care and attention; he has suffered psychological and emotional injury, mental anguish and anxiety and will continue to suffer psychological and emotional injury, mental anguish and anxiety in the future; he has incurred medical expenses and will continue to incur medical expenses; he has lost wages and benefits and will continue to lose wages and benefits; all to his damage.

WHEREFORE, plaintiff, Kenneth Matt Anders prays for judgment against the defendant on Count III of his Complaint in a sum fair and reasonable, in excess of $75,000.00 which is the jurisdictional limit of the court, together with his costs expended herein.

## COUNT IV

### (Federal Employers' Liability Act)

Plaintiff, Kenneth Matt Anders, through counsel Rathmann & O'Brien, L.L.C. and states as follows for Count IV of his Complaint as if fully set forth herein:

22.     Plaintiff repeats the allegations of paragraphs 1 through 21 of his Complaint.

23.     The locomotives that were furnished by the defendant to the plaintiff, included, but were  not limited to, "Whisper" or "North American" cabs manufactured by General Electric and/or the EMD division of General Motors.

24.     The defendant never warned or advised the plaintiff that whole-body vibration and excessive lateral motion related to the operation of its locomotives were harmful to his spine.

25.     The plaintiff's injuries, permanent disability, and damages alleged in this Count were caused, in whole or in part, by one or more of the following acts of negligence of the defendant, acting through its agents, servants, or employees, singularly, or in combination:

> a.      It failed to provide the plaintiff with a reasonably safe place to work; or
>
> b.      It failed to provide the plaintiff with reasonably safe methods for work; or
>
> c.      It failed to provide the plaintiff with reasonably safe conditions for work; or
>
> d.      It permitted to be used on its lines locomotives that were not in proper condition and safe to operate in the service to which they were put, without unnecessary peril to life or limb in violation of 49 C.F.R. § 229.7 (a)(1); or
>
> e.      It failed to provide locomotives that were free of conditions that endangered the safety of the crew in violation of 49 C.F.R. § 229.45; or
>
> f.      It failed to properly inspect its engines for conditions that endangered the safety of the crew in violation of 49 C.F.R. §§ 29.21, .23, .25, and .27; or
>
> g.      It failed to monitor the levels of whole-body vibration and lateral motion related to the operation of its locomotives; or
>
> h.      It failed to provide adequate seating in its locomotive cabs; or

      i.      It failed to reduce the levels of whole-body vibration and lateral motion related to the operation of its locomotives to amounts that were reasonably safe; or

      j.      It failed to warn the plaintiff that the levels of whole-body vibration and lateral motion related to the operation of its locomotives were harmful to his spine.

26.    During the entirety of his employment and acting within the regular course and scope of his employment, Plaintiff was required to work on locomotives and cabooses and to sit on these using seats without high back supports, head rests, arm rests, contoured seats, efficient adjustments, adequate seat cushioning, interior padding, any type of occupant restraint system nor devices or items to use in conjunction with the placement of Plaintiff's feet to provide safe and effective bracing in the event of slack action or other abrupt changes in the speed of the train or locomotive engines.  The design ergonomics, construction and shape of the seats of the locomotive engines and cabooses on which Plaintiff worked or rode were not adequate to protect or prevent injury to Plaintiff from the usual and customary vibration of locomotive engines nor during run-ins, slack action, hard joints or other types of collisions, bumping, turbulent or rough movement to which plaintiff was regularly subjected during the regular customary course of his work assignments.  Further, the locomotive cabs of each engine and caboose on which Plaintiff worked lacked adequate grab irons, footholds, handrails or any feature designed or intended to allow Plaintiff to brace himself during said slack action and hard-joint collisions and rough movement.  Further, Plaintiff was never warned, trained or

instructed regarding the dangers to his body from the work which he was required to do nor  provided  with those type seats with high back supports, headrests, armrests and restraint systems necessary for the work to be done in a safe manner.  As a direct result of the above-described carelessness and negligence, and on each instance of Plaintiff's work in the above-described unsafe conditions, Plaintiff was exposed to unsafe and dangerous levels of vibration, stress and strain upon the tissues and structures of his neck and lumbar spine and was caused on a cumulative basis to suffer the injuries and damages hereinafter enumerated.

      27.     During the entirety of his employment, acting within the regular course and scope of his work, Plaintiff was required to use and operate railroad track switches, lift, move, and carry heavy objects such as freight car/engine draw bars and knuckles, detrain from moving trains and walk on ballast or dirt toe paths, and otherwise engage in activities involving the use of the neck and lumbar spine.  Illinois Central Railroad Company, through its agents and employees other than Plaintiff, carelessly and negli-gently failed in its aforesaid duties in that  among other things, Illinois Central Railroad Company, failed to maintain a regular program of inspection, maintenance and repair for railroad track switches, switch stands, ground throw switches and toe paths such that Plaintiff was, on a regular and repeated basis, required to use, manipulate  and operate "hard throw" switches, to detrain and walk upon and use toe paths which were not clean or safe for use and were in violation of the requirements of law.  Plaintiff was further, on

a regular and basis, required to lift and carry heavy knuckles and draw bars.  On each of said occasions involving the use of the toe paths and the use and manipulation of the above-described switches, knuckles, draw bars and other heavy items, Plaintiff was required to do work which was unsafe and dangerous in that it required lifting, pushing or pulling forces, stresses and strain in excess of those which the tissues of his back and body could withstand without injury.

28.     Defendant further carelessly and negligently failed in its aforesaid duties in that Plaintiff was never warned, trained or instructed regarding the dangers to his body from the above-described unsafe work which he was required to do; nor educated regarding the equipment required so that the work Plaintiff was required to perform could be done in a safe manner; nor educated regarding the manner in which cumulative neck and lumbar spine injuries are caused and manifested; and because Plaintiff was required to do work which Defendant knew or should have known was likely to cause cumulative injuries, and/or re-injure Plaintiff where he had previously been injured or was weak because of congenital/development abnormalities.

29.     As a direct result of the above-described carelessness and negligence, and on each instance of Plaintiff's work in the above-described unsafe conditions, Plaintiff was exposed to unsafe an dangerous levels of stress and strain upon the tissues and structures of his neck and lumbar spine and was caused on a cumulative basis to suffer the injuries and damage hereinafter enumerated.

30.     As a direct result of one or more of these violations of the Locomotive Inspection Act, in whole or in part, the plaintiff suffered injuries to his neck and lumbar spine; he sustained injuries to the soft tissues, ligaments, tendons, muscles, blood vessels, and nerves of his neck and lumbar spine; he sustained bruising, straining and scarring of the soft tissues, ligaments, tendons, muscles, blood vessels and nerves of his neck and shoulder; he has been caused to undergo severe pain and suffering and will continue to undergo severe pain and suffering; he has sought and received medical care and attention and will continue to receive medical care and attention; he has suffered psychological and emotional injury, mental anguish and anxiety and will continue to suffer psychological and emotional injury, mental anguish and anxiety in the future; he has incurred medical expenses and will continue to incur medical expenses; he has lost wages and benefits and will continue to lose wages and benefits; all to his damage.

WHEREFORE, plaintiff, Kenneth Matt Anders, requests judgment against the defendant on Count IV of his Complaint in a sum fair and reasonable, in excess of $75,000.00 which is the jurisdictional limit of the court, together with his costs expended herein.

## COUNT V

## LOCOMOTIVE INSPECTION ACT

Plaintiff, Kenneth Matt Anders,  through counsel Rathmann & O'Brien, L.L.C. and states as follows for Count V of his Complaint against the defendant:

31.    Plaintiff repeats the allegations of paragraphs 1 through 30 of this Com plaint.

32.    The locomotives that were furnished by the defendant to the plaintiff, included, but were  not limited to, "Whisper" or "North American" cabs manufactured by General Electric and/or the EMD division of General Motors.

33.    The defendant never warned or advised the plaintiff that whole-body vibration and  excessive lateral motion related to the operation of its locomotives were harmful to his neck and lumbar spine.

34.    The plaintiff's injuries, permanent disability, and damages alleged in this Count were  caused, in whole or in part, by one or more of the following violations of the Locomotive Inspection Act, 49 U.S.C. § 20701 et seq, singularly or in combination:

a.     It permitted to be used on its line locomotives that were not in proper condition and safe to operate in the service to which they were put, without unnecessary peril to life or limb in violation of 49 C.F.R. § 229.7 (a)(1); or

b.     It failed to provide locomotives that were free of conditions that endangered the safety of the crew in violation of 49 C.F.R. § 229.45; or

c.     It failed to properly inspect its engines for conditions that endangered the safety of the crew in violation of 49 C.F.R. §§ 229.21, .23, .25, and .27; or

d.     It furnished locomotives that created harmful levels of whole-body vibration and lateral motion.

35.     During the entirety of his employment and acting within the regular course and scope of his employment, Plaintiff was required to work on locomotives and cabooses and to sit on these using seats without high back supports, head rests, arm rests, contoured seats, efficient adjustments, adequate seat cushioning, interior padding, any type of occupant restraint system nor devices or items to use in conjunction with the placement of Plaintiff's feet to provide safe and effective bracing in the event of slack action or other abrupt changes in the speed of the train or locomotive engines.  The design ergonomics, construction and shape of the seats of the locomotive engines and cabooses on which Plaintiff worked or rode were not adequate to protect or prevent injury to Plaintiff from the usual and customary vibration of locomotive engines nor during run-ins, slack action, hard joints or other types of collisions, bumping, turbulent or rough movement to which plaintiff was regularly subjected during the regular customary course

of his work assignments.  Further, the locomotive cabs of each engine and caboose on which Plaintiff worked lacked adequate grab irons, footholds, handrails or any feature designed or intended to allow Plaintiff to brace himself during said slack action and hard-joint collisions and rough movement.  Further, Plaintiff was never warned, trained or instructed regarding the dangers to his body from the work which he was required to do nor  provided  with those type seats with high back supports, headrests, armrests and restraint systems necessary for the work to be done in a safe manner.  As a direct result of the above-described carelessness and negligence, and on each instance of Plaintiff's work in the above-described unsafe conditions, Plaintiff was exposed to unsafe and dangerous levels of vibration, stress and strain upon the tissues and structures of his neck and lumbar spine and body and was caused on a cumulative basis to suffer the injuries and damages hereinafter enumerated.

36.     During the entirety of his employment, acting within the regular course and scope of his work, Plaintiff was required to use and operate railroad track switches, lift, move, and carry heavy objects such as freight car/engine draw bars and knuckles, detrain from moving trains and walk on ballast or dirt toe paths, and otherwise engage in activities involving the use of the low back.  Illinois Central Railroad Company, through its agents and employees other than Plaintiff, carelessly and negligently failed in its aforesaid duties in that  among other things, Illinois Central Railroad Company failed to maintain a regular program of inspection, maintenance and repair for railroad track

switches, switch stands, ground throw switches and toe paths such that Plaintiff was, on a regular and repeated basis, required to use, manipulate  and operate "hard throw" switches, to detrain and walk upon and use toe paths which were not clean or safe for use and were in violation of the requirements of law.  Plaintiff was further, on a regular and basis, required to lift and carry heavy knuckles and draw bars.  On each of said occasions involving the use of the toe paths and the use and manipulation of the above-described switches, knuckles, draw bars and other heavy items, Plaintiff was required to do work which was unsafe and dangerous in that it required lifting, pushing or pulling forces, stresses and strain in excess of those which the tissues of his neck and lumbar spine could withstand without injury.

37.     Defendant further carelessly and negligently failed in its aforesaid duties in that Plaintiff was never warned, trained or instructed regarding the dangers to his body from the above-described unsafe work which he was required to do; nor educated regarding the equipment required so that the work Plaintiff was required to perform could be done in a safe manner; nor educated regarding the manner in which cumulative neck and shoulder injuries are caused and manifested; and because Plaintiff was required to do work which Defendant knew or should have known was likely to cause cumulative injuries, and/or re-injure Plaintiff where he had previously been injured or was weak because of congenital/developmental abnormalities.

38.     As a direct result of the above-described carelessness and negligence, and

on each instance of Plaintiff's work in the above-described unsafe conditions, Plaintiff was exposed to unsafe an dangerous levels of stress and strain upon the tissues and structures of his neck and lumbar spine and was caused on a cumulative basis to suffer the injuries and damage hereinafter enumerated.

39.     As a direct result of one or more of these violations of the Locomotive Inspection Act, in whole or in part, the plaintiff suffered injuries to his neck and shoulder; he sustained injuries to the soft tissues, ligaments, tendons, muscles, blood vessels, and nerves of his neck and lumbar spine; he sustained bruising, straining and scarring of the soft tissues, ligaments, tendons, muscles, blood vessels and nerves of his neck and shoulder; he has been caused to undergo severe pain and suffering and will continue to undergo severe pain and suffering; he has sought and received medical care and attention and will continue to receive medical care and attention; he has suffered psychological and emotional injury, mental anguish and anxiety and will continue to suffer psychological and emotional injury, mental anguish and anxiety in the future; he has incurred medical expenses and will continue to incur medical expenses; he has lost wages and benefits and will continue to lose wages and benefits; all to his damage.

WHEREFORE,  plaintiff, Kenneth Matt Anders, requests judgment against the defendant on Count V of his Complaint in a sum fair and reasonable, in excess of $75,000.00 which is the jurisdictional limit of the court, together with his costs expended herein.

## COUNT VI

### (Federal Employers' Liability Act)

COMES NOW Plaintiff, Kenneth Matt Anders, by and through his attorneys, Rathmann & O'Brien, L.L.C., and for Count VI of his cause of action against the Defendant, Illinois Central Railroad Company, states:

40.     Defendant, Illinois Central Railroad Company, is now and was at all times hereinafter mentioned a railroad corporation duly organized and existing according to law to engage in, and was engaged in, business as a common carrier in interstate commerce between the several states of the United States.

41.     That at all times relevant herein, including the present, Defendant has operated trains, owned tracks and yards and other property in the Southern District of Illinois.  That Defendant owns, operates or controls a railroad  running throughout Illinois.

42.     That at all times relevant herein, Plaintiff, Kenneth Matt Anders was employed by the Defendant as a locomotive engineer and that his work substantially affected interstate commerce.

43.     That this action is brought pursuant to the Federal Employers Liability Act, 45 U.S.C. 51-60.

44.     That plaintiff has been diagnosed with carpal tunnel syndrome and that during his career with defendant he was required to throw switches and move throttles, brakes and controls on engines.

45     That the instant action was filed within three years of the date when plaintiff knew or reasonably could have known of the aforementioned injuries and their relationship to his employment with defendant.

46     Plaintiff states that his injuries and damages resulted in whole or in part from the negligent acts or omissions of the Defendant in one or more of the following particulars:

      a)     Defendant failed to provide Plaintiff with a reasonably safe place to work; or

      b)     Defendant failed to provide reasonably safe conditions for work; or

      c)     Defendant failed to provide reasonably safe methods of work; or

      d)     Defendant failed to enact a comprehensive ergonomics program; or

      e)     Defendant failed to provide reasonably safe equipment or tools for work; or

      f)     Defendant failed to provide adequate protection from exposure to cumulative trauma; or

      g)     Defendant failed to provide adequate training; or

      h)     Defendant failed to provide adequate safety or personal protective equipment; or

      i)     Defendant failed to warn plaintiff of the danger of exposure to cumulative trauma; or

j)      Defendant failed to provide adequate help; or

k)      Defendant required plaintiff to repetitively use his hands and arms in awkward positions; or

l)      Defendant required plaintiff to repetitively use his hands and arms in awkward positions and did not warn him of the dangers of so doing; or

m)      Defendant failed to follow the recommendations of the AAR ergonomics studies performed in the late 1980's and early 1990's; or

n)      Defendant knew of the risks of repetitive trauma to its employees and failed to warn plaintiff; or

o)      Defendant failed to follow the recommendations of its own internal group studying the issue of cumulative trauma.

47. As a result, in whole or in part, of the aforementioned conduct of the defendant, Plaintiff was caused to suffer the following serious, painful, and permanent injuries, to-wit: Plaintiff sustained bilateral carpal tunnel syndrome and injuries to the nerves and related soft tissues in his hands and wrists; Plaintiff suffered and will continue to suffer pain and mental anguish; Plaintiff was caused to undergo medical treatment, tests, therapy and will require future medical treatment; Plaintiff has lost wages, fringe benefits and will in the future lose further such wages and fringe benefits; Plaintiff has expended or obligated himself for necessary and reasonable medical expenses and hospital care and will in the future be caused to expend further such sums for medical treatment and, possibly,  surgery.  Plaintiff has suffered pain and suffering and will in the future have pain and suffering as a result of Defendant's negligence.  Plaintiff's ability to

work, labor, and enjoy the normal pursuits of life has been permanently impaired and

lessened all to Plaintiff's damage.

WHEREFORE, Plaintiff, Kenneth Matt Anders, prays for Judgment against the

Defendant,  Illinois Central Railroad Company, in a sum fair and reasonable, in excess of

$75,000.00 which is the jurisdictional limit of the court, together with his costs expended

herein.

**NOTE: PLAINTIFF DEMAND TRIAL BY JURY**

RATHMANN & O'BRIEN, L.L.C.

/s/ Patrick S. O'Brien
PATRICK S. O'BRIEN #3127549
1031 Lami Street
St. Louis, Missouri  63104
(314) 773-3456 Telephone
(314) 773-7238 Facsimile

Attorneys for Plaintiff